SAMUEL FRIEDMAN, PLAINTIFF-RESPONDENT, v. BRUNO GUFFANTI, TRADING AS PATERSON STREET GARAGE, DEFENDANT-APPELLANT.

Submitted May 6, 1947—Decided July 22, 1947.

Before Justices BODINE, HEHER and WACHENFELD.

For the plaintiff-respondent, *M. Metz Cohn.*

For the defendant-appellant, *George F. Losche.*

The opinion of the court was delivered by

WACHENFELD, J. This is an action to recover $500 for the loss of ten drums of alcohol stored in the premises of the appellant at an agreed price payable monthly.

The appellant's business included, among other things, the storage of trucks, alcohol and merchandise. Arrangements were made to have these drums of alcohol stored on one of the upper floors. When the respondent wanted any of his property, he was obliged to deliver an order slip to the appellant, who would thereupon release the drums to him. It was admitted that the appellant had moved the drums from their original storage place to some other part of the floor in order to accommodate another customer. When the respondent went to remove the last ten drums of alcohol each containing fifty gallons, they were missing.

The respondent qualified as an expert and testified that the alcohol was worth $1 a gallon, while the appellant said it sold for 55c a gallon by the drum. The respondent proceeded upon the theory that the relationship of bailor and bailee existed and was permitted by the court to amend the state of demand to that effect. Judgment was rendered in the sum of $500, from which this appeal is taken.

The principal contention is that the relationship of bailor and bailee did not exist as no service of any sort was involved, relying upon *Zucker* v. *Kenworthy Brothers, Inc.,* 130 *N. J. L.* 385. There the court concluded that the relationship of bailor and bailee did not exist because there was "no proof of any control in the defendant."

The court below found as a fact that the control remained in the appellant, which was amply evidenced by his removal of the drums from their original place of storage to some other place in order to accommodate another customer. The court sat as both judge and jury and determined as a fact that the relationship between the parties was that of bailor and bailee. There was ample evidence to sustain this finding and we see no justification for disturbing it. This is also true as to the proof of damage.

The judgment below is affirmed, with costs.